IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01687–GPG–MDB

KAREN TREBLE,

    Plaintiff,

v.

ALLSTATE INSURANCE,

    Defendant.

## ORDER

On review of Defendant's Motion to Reconsider and For Protective Order (ECF 47), as well as the related Response (ECF 54) and Reply (ECF 59), it appears the parties are missing each other and the Court's directive during the March 6, 2023, conference. The Court directed the parties with respect to the following deposition question: whether interest accrues on reserves. (ECF 37 at 9:4-12). Plaintiff indicated that an answer to that question would be sufficient. (ECF 37 at 9:4-24). To the extent Plaintiff seeks to ask additional related questions, and Defendant opposes such questions, the parties have another discovery dispute that should be addressed in accordance with the Court's practice standards. Filing a motion for protective order without leave of Court is not permitted. Separately, Defendant is asking the Court to reconsider its order that Defendant's corporate representative shall respond to the single question of whether interest accrues on reserves. Defendant argues the Court's decision is contrary to a subsequently issued decision, *Fear v. Geico*, 2023COA31 (March 30, 2023). But Defendant overstates the

application of *Fear*. That decision concerned admissibility, this Court's decision concerns discoverability. Additionally, the issue in *Fear* was whether the trial court erred in relying on internal settlement evaluations as a basis for concluding that some portion of Plaintiff's noneconomic damages was undisputed. *Id.* at 9. The discovery issue here is not about the amount in dispute, but rather the insurer's motivations. Defendant's Motion to Reconsider and For Protective Order (ECF 47) is **denied**. Any continued disputes regarding deposition questions should be raised with the Court in accordance with the Court's practice standards. However, in determining whether any disputes remain, the parties should be guided by the Court's statements during the March 6, 2023 hearing concerning: (i) proportionality (ECF 37 at 5:17-6:13), (ii) the matters on which the corporate representative does not need to prepared on (ECF 37 at 9:7-16) and (iii) the Court's view that information concerning reserves is only tangentially relevant. (ECF 7:21).

Dated this 21st day of June, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge